```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

RAVENSWOOD INDUSTRIAL BUILDING, )
LLC, etc.,                      )
                                )
            Plaintiff,          )
                                )
    v.                          )     No. 10 C 2736
                                )
WACHOVIA BANK, et al.,          )
                                )
            Defendants.         )
```

MEMORANDUM OPINION AND ORDER

Ravenswood Industrial Building, LLC ("Ravenswood") has filed this action against Wachovia Bank ("Wachovia") and Wells Fargo Bank, N.A. ("Wells Fargo") seeking to invoke the Class Action Fairness Act as the basis for federal subject matter jurisdiction. Because Ravenswood's Complaint, which is sought to be advanced "on behalf of itself and all those similarly situated," fails to establish the existence of such jurisdiction, this Court sua sponte dismisses the Complaint and this action without prejudice.

Heedless of the solidly-established and regularly-repeated rule for determining the relevant citizenship of limited liability companies (see most recently <u>Smart v. Local 702 Int'l Bhd. of Elec. Workers</u>, No. 07-4088, 2009 WL 910970, at *2 (7th Cir. Apr. 7), as well as the earlier cases cited there), Ravenswood's counsel say nothing at all about the states of citizenship of its members (the controlling jurisdictional consideration)--and even as to Ravenswood itself, counsel speak

only of its Cook County "residence" (Complaint ¶7). That level of inattention not only to the proper persons or entities but also as to the relevant concept of citizenship rather than residence (which is of course implicit in the concept of diversity of citizenship) carries forward into Complaint ¶8 and its identification of the California "residence" of Wells Fargo (which is sued as the successor in interest to Wachovia).

On the latter score our Court of Appeals regularly opines that "when the parties allege residence but not citizenship, the district court must dismiss the suit" (see, e.g., Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004), quoting that language from an earlier case). Although this Court does not always follow that mandate, where as here Ravenswood's counsel have advanced a detailed 22-page Complaint based on what appears to be a complex and arcane legal argument, it seems only fair to hold counsel responsible for not having adhered to the most basic of jurisdictional concepts. Accordingly this Court will conform to the quoted directive, and this action is indeed dismissed for lack of subject matter jurisdiction.

That said, however, this Court has no desire to force Ravenswood's counsel to start from scratch with a new lawsuit and complaint if they find themselves able to cure the jurisdictional defects identified here within the time frame allowed by Fed. R. Civ. P. ("Rule") 59(e). If that were sought to be done, this

Court would be prepared to entertain an appropriate motion under Rule 59(e) to vacate the order of dismissal and permit the filing of an appropriate amendment to the Complaint (not a full-blown Amended Complaint), but only if:

    1. Another $350 is paid to the Clerk of this District Court as a fine (the same amount that would have had to be the case if Ravenswood were to file a new suit).

    2. No charge is made to Ravenswood by its counsel for the time and expense involved in generating the necessary amendment. In that respect Ravenswood's counsel would have to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: May 6, 2010